Longworth, J.
The decision in this case depends entirely upon legal issues, the judgment below having been rendered upon demurrer. The facts of the case are correctly stated in the brief of the plaintiff in error, and are as follows :
On October 10, 1878, the defendants, Gray & Smith, obtained a judgment in the court of common pleas of Cuyahoga county against A. "W. Anderson and others, and execution was at once issued thereon to the sheriff of Belmont county. On October 12,1878, the sheriff, without leaving St. Clairsville, twelve miles distant from Bellaire, indorsed upon the writ of ^execution in his hands, that for want of goods and chattels *613 whereon to levy, he levied upon certain real estate, describing the town lots in Bellaire, as the property of A. ~W. Anderson. But no record, other than this, was made in the sheriffs office; and no entry of any hind was made on the foreign execution docket, until after the filing of the assignment deed hereinafter mentioned. On October 12, 1878, there was, in Belmont county, belonging to A. W. Anderson and his co-defendants, personal property subject to levy, amply sufficient to satisfy said execution. On October 21, 1878, A. W. Anderson made an assignment for the benefit of creditors, and his assignment deed was duly filed with the probate judge the same day, and the assignee gave bond and qualified according to law ; and as such assignee brought this suit. At the time this suit was brought, the sheriff had made no return of any of his proceedings under said execution,'to the court from which the execution issued.
The suit was to enjoin the sheriff from selling the land under this execution, the petition of plaintiff was dismissed in the court of common pleas and judgment rendered for defendant which judgment was afterwards affirmed in the district court.
It seems to us that the decision of this case depends entirely upon the question whether the indorsement by the sheriff upon the writ of execution constituted in itself a valid levy upon the land. The doctrine is well settled that in respect to real estate the assignee for the benefit of creditors stands in the shoes of his assignor, and takes no greater estate than that held by him. He takes subject to all liens and incumbrances existing at the time of the assignment and is not to be regarded in equity as a bona fide purchaser without notice. See Burrill on Assignment, § 391, and numerous cases cited in the notes to the third edition.
By force of statute, an entry by the sheriff upon the foreign execution docket operates as notice to the world; and it is plain that its omission in the present case, whatever might bo its effect as against a bona fide purchaser without actual notice, cannot be taken advantage of by the assignor who cannot protect himself by want of notice, either actual or constructive.
Neither can the assignor complain that at the time of the *614 levy he was possessed of personal property sufficient to satisfy the judgment. If he did not choose to apply such property to its payment he cannot complain that the sheriff, failing- to find goods and chattels whereon to levy, proceeded to levy upon land.
Was then this levy a valid one? Clearly it was, unless under our statute the expression “ seized in execution ” shall be construed as making an actual seizure of some kind essential. See 75 Ohio L. 680, § 4. In Gwynne on Sheriffs, 308, the law is stated thus: “ No entry by an officer on real estate is necessary to constitute a levy. The officer may remain in his own office and not even go within view of the land : he need not seize upon any twig, turf, or other part thereof as symbolical of the whole. Ilis indorsement upon the execution of a levy will constitute one to all intents and purposes.”
From the time that a valid levy is made, the land is in legal sense “ seized in execution,”' — that is, rendered liable for its satisfaction. Nowhere in the statutes is the officer directed to make any actual seizure, which.it would seem could only be done by taking possession of the land and ousting the judgment debtor. It would be contrary to all previous notions concerning the duties of such officers to hold that prior to sale or appraisement, and upon the mere receipt of the writ it becomes their duty to enter upon the debtor’s land and take possession.

Judgment affirmed.